[48 NYS3d 767]

In the Matter of DARRELL J. CONWAY (Admitted as DARRELL JOHN CONWAY), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 15, 2017

APPEARANCES OF COUNSEL

*Mitchell T. Borkowsky*, Hauppauge (*Stacey J. Sharpelletti* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

By decision and order on motion of this Court dated August 19, 2016, the respondent was suspended from the practice of law pursuant to former 22 NYCRR 691.4 (l) (1) (i), (ii), and (iii), based upon his failure to cooperate with the lawful demands of the Grievance Committee for the Tenth Judicial District, and his substantial admissions under oath as well as other uncontroverted evidence of professional misconduct. Further, the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent based upon a verified petition dated April 13, 2016. The petition, which was duly served upon the respondent, contains four charges alleging, among other things, that the respondent misappropriated funds entrusted to him as a fiduciary, failed to maintain required bookkeeping records for his escrow accounts, and failed to cooperate with the Grievance Committee's investigation.

The respondent was directed to serve and file his answer to the verified petition within 20 days after service upon him of the decision and order on motion dated August 19, 2016. The issues raised by the verified petition, and any answer thereto, were referred to the Honorable Arthur J. Cooperman, as Special Referee, to hear and report.

On August 29, 2016, the respondent was personally served with a copy of this Court's decision and order on motion dated August 19, 2016, by the Grievance Committee, and an affidavit of service was duly filed with this Court. To date, the respondent has neither served nor filed an answer to the verified petition, as directed, nor sought additional time to file an answer.

The Grievance Committee now moves to deem the charges against the respondent established, and to impose such discipline upon him as this Court deems appropriate, based upon his default. Although the motion papers were personally served upon the respondent on November 2, 2016, he has neither interposed any response thereto nor requested additional time to respond to the motion.

Accordingly, the Grievance Committee's motion is granted, the charges in the verified petition are deemed established,

and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.

ENG, P.J., MASTRO, DILLON, BALKIN and BARROS, JJ., concur.

Ordered that the Grievance Committee's motion is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Darrell J. Conway, admitted as Darrell John Conway, a suspended attorney, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Darrell J. Conway, admitted as Darrell John Conway, shall continue to comply with the rules governing the conduct of disbarred and suspended attorneys (*see* 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Darrell J. Conway, admitted as Darrell John Conway, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Darrell J. Conway, admitted as Darrell John Conway, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).